OPINION
On November 3, 1999, Jose M. Franco refiled a lawsuit in the Court of Claims of Ohio against the Ohio Department of Rehabilitation and Correction ("ODRC"). He alleged that he had been injured due to the deliberate negligence of employees at Noble Correctional Institution ("NCI"). Specifically, he alleged that he is disabled and that he had been forced to sleep on a top bunk and to reside on the top floor of a dormitory. As the result of his placement and a refusal to allow him to use an elevator, he alleged he fell and hurt himself.
After service of process, an attorney for ODRC filed a motion to dismiss, alleging that the Court of Claims of Ohio lacked subject-matter jurisdiction over administrative placement of prisoners and over discretionary decisions by ODRC. Mr. Franco filed a memorandum in response. The motion was overruled.
ODRC next filed an answer in which it denied negligence and alleged contributory negligence along with several other defenses.
The case was bifurcated for trial, with negligence or other theory of liability to be determined at the first portion of the trial. Prior to the trial date, counsel for ODRC filed a motion requesting summary judgment, relying upon two depositions of Mr. Franco and an affidavit from the unit manager where Mr. Franco had been housed at NCI.
Mr. Franco requested an extension of the time authorized to respond to the motion for summary judgment. The request was denied.
Mr. Franco filed a written response to the summary judgment motion. He also provided an affidavit which included his view of the pertinent facts. The motion for summary judgment was overruled.
The case proceeded to trial on liability and after the close of all the evidence, the trial court granted judgment for ODRC.
Mr. Franco has now pursued a direct appeal, assigning six errors for our consideration:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THE INSTITUTION WAS NOT GUILTY OF NEGLIGENCE IN PLACING AN [sic] HANDICAPPED INMATE ON A SECOND FLOOR DORM AND NOT ALOWING HIM THE USE OF THE ELEVATOR WHICH WAS THE DIRECT AND PROXIMENT [sic] CAUSE OF THE PLAINTIFF'S INJURY.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THE DEFENDANT/APPELLEE DID NOT HAVE NOTICE OF THE PLAINTIFF'S HANDICAP AND NEED FOR ACCOMMODATION.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT THE DEFENDANT/APPELLEE TAMPERED WITH THE PLAINTIFF'S WITNESS CAUSING HIM TO SIGN A KNOWN FALSE AFFIDAVIT.
ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
ASSIGNMENT OF ERROR NO 5:
 THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW THE PLAINTIFF, WHO IS A MEXICAN NATIONAL, TO BRING TO COURT OR TO PROVIDE HIM AND [sic] INTERPRETER.
ASSIGNMENT OF ERROR NO. 6:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ALLOW THE PLAINTIFF/APPELLANT TO ADMIT INTO EVIDENCE THE OPERATION TO REPLACE HIS HIP THAT WAS EVIDENCE OF HIS HADNICAP.
Prior to the trial date, Mr. Franco requested by motion that he have the assistance of another inmate who was alleged to be fluent in Spanish. Mr. Franco alleged that the help of the other inmate would assist him to the extent that Mr. Franco had doubts about his own proficiency in English. The trial court overruled the motion, based upon the proficiency in English demonstrated in his depositions.
Immediately before the commencement of trial, Mr. Franco renewed his request. The trial court again refused the request. We cannot say that the trial court abused its discretion in refusing to allow the assistance of a second inmate at trial. Mr. Franco's English, as demonstrated at trial, is good.
The fifth assignment of error is overruled.
The first, second and fourth assignments of error allege on overlapping theories that ODRC should have been found to be negligent. We therefore address these assignments of error jointly.
Mr. Franco was admitted to the prison system in Ohio through the Corrections Reception Center in Orient, Ohio. As a part of his processing, his medical condition was reviewed. He was found to have had a broken femur, knee and hip at a previous time.
Mr. Franco later was transferred to NCI. After complaints, he was housed on the ground floor. He was assigned a "sit-down job." His complaints also led to him being assigned a lower bunk. He received a cane to help him move around.
Later, Mr. Franco chose to pursue additional schooling, especially to improve his English. When the schooling became available, he was transferred to different housing. The new housing was not on the ground floor. Mr. Franco complained about the change, but to no avail. However, he was led to believe that he would have access to an elevator and not have to walk upstairs to his cell. However, a corrections officer prevented him from actually using the elevator.
Less than a month after the transfer in housing within NCI, Mr. Franco went to the commissary. He returned with a bag containing his purchases. He testified at trial he was using his cane and a handrail to help him go up the stairs to the second floor when he fell. He claimed to have fallen backwards down approximately seven steps.
On cross-examination at trial, Mr. Franco acknowledged that he had earlier stated under oath that he did not use the handrail while going up the stairs, but used only his cane.
In reviewing all the evidence at the end of the trial, the trial judge stated:
 The Court finds that the plaintiff has failed to prove by a preponderance of the evidence that he has a justified case.
 First of all, I'm not sure how he fell. I'm not satisfied that he asked for the elevator, that he didn't follow the procedures. The mere fact that he says he's handicapped — I also know he's been working all these years after he fell — after the horse fell on him.
 And based on the totality of the evidence, he failed to prove his claim by a greater weight of the evidence. So the Court will grant judgment in favor of the defendant. *** [Tr. 129-130.]
The evidence in the record did not establish that Mr. Franco requested the use of the elevator on the day he fell. He had received conflicting information about whether he could or could not use the elevator. Under the circumstances, he should have asked for permission to use the elevator on the day he fell. His failure to do so is understandable but does not make ODRC liable for his fall.
The trial court did not find a lack of a notice that Mr. Franco had some degree of disability. However, the trial court had questions about the extent of the disability, given the fact that Mr. Franco continued physical labor for years after his original injuries.
The evidence in the record supports a finding that Mr. Franco was not using the railing to help himself go up the stairs. Also, the record indicates that Mr. Franco asked for no assistance in carrying his bag of commissary goods, either from inmates or from corrections officers.
Under the circumstances, we cannot say the verdict was against the manifest weight of the evidence. Nor can we say that ODRC was liable on the theories alleged in the first and second assignments of error.
We therefore overrule the first, second and fourth assignments of error.
The testimony at trial does not indicate that ODRC tampered with witness Miron Jose or any other witness.
The third assignment of error is overruled.
The trial court ruled that evidence about the hip replacement surgery was not relevant to Mr. Franco's theory of liability. The trial court was within its discretion to make that ruling. The results of the injury sustained at the time of the fall do not establish liability for the fall.
The sixth assignment of error is overruled.
All six assignments of error having been overruled, the judgment of the trial court is affirmed.
KENNEDY and BROWN, JJ., concur.